## WOLF vs. BUREAU.

Parol evidence may be received of the authority given to the President of a Bank to compromise a debt.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendant was sued as endorser of a promissory note ; he pleaded the general issue : that the Louisiana Bank received payment of the said note, at a time when it was their property, and discharged him of all liability thereon. There was a verdict and judgment in his favor, and the plaintiff appealed.

WOLF
*vs.*
BUREAU.

Two bills of exceptions taken by the plaintiff's counsel come up with the record.

At the trial, the defendant offered Thomas Urquhart and other directors of the Louisiana Bank, to prove he was authorised at a full meeting of the directors, to subscribe a concordate with the defendant, to receive endorsed notes for one fourth of the amount of the note now sued upon, in full satisfaction of its amount.

The plaintiff's counsel resisted the introduction of the testimony, on the ground that the directors had no power to give such authority to Urquhart; that no written resolution of the board was produced.

The introduction of the concordate was opposed on the ground that it appeared to have been made under the authority of the parish court and was not homologated.

These objections being overuled a bill of exceptions was taken.

It does not appear to the court that the district judge erred in receiving parol evidence of the authority given by the directors to the president, to sign the concordate of the defendant and his creditors. It is shown that no entry was made of this authority. The directors of a bank have the power of managing

East'n District. its affairs; that implies the power (when it
*April*, 1823. it becomes necessary) to remit part of a debt,
WOLF in order to obtain security for the rest.
*vs.*
BUREAU.

We think the concordate was also proper-
ly received in evidence, altho' it was not ho-
mologated; the homologation is required to
render it binding on the creditors who do not
accede to its terms.

We do not notice the bills of exceptions
taken by the defendant, because he did not
appeal, nor pray relief in this court; and as
it is needless to do so, in examining the case
on its merits.

Admitting the plaintiff's case to be fully
made out, the defendant has shown that he
has paid to the Louisiana Bank, who were
holders of the note, at its maturity a certain
part of its amount, which was received in full
satisfaction by them. The plaintiff, who after-
wards received the note from them, cannot be
in a better situation then they.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Preston* for the plaintiff, *Hennen* for the de-
fendant.